**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MANUEL ARMANDO FLORES, | § | |
| | § | |
| Defendant-Petitioner, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-04-356-3 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent. | § | |
| | § | |
| CIVIL ACTION H-07-3931 | § | |

**MEMORANDUM AND OPINION**

Manuel Armando Flores filed a motion under 28 U.S.C. § 2255, seeking to vacate his 2005 conviction and 210-month sentence for conspiracy to possess cocaine with the intent to distribute. Armando Flores pleaded guilty to the conspiracy charge in the superseding indictment and waived his right to appeal the sentence or the manner in which it was determined except as to an upward departure (which was not entered). Armando Flores also waived his right to file a collateral attack on his conviction or sentence, including a section 2255 motion. Despite the waiver, Armando Flores both appealed and filed this motion for relief under 28 U.S.C. § 2255. In his motion, he asserts that he received ineffective assistance of counsel and that this court erred in applying the sentencing guidelines by applying a two-level enhancement for a firearm. The government responded and sought summary dismissal on the ground that the waiver in the written plea agreement was knowing and voluntary and precludes this motion.

Based on the motion and response, the parties' submissions, the record, and the applicable law, this court denies Armando Flores's motion for relief judgment and, by separate order, enters final judgment.  The reasons are set out in detail below.

## I.    Background

Manuel Armando Flores pleaded guilty on March 7, 2005, to count one of a superseding indictment issued on December 21, 2004 charging him with conspiracy to possess cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1),841(b)(1)(A)(ii), 846.  A second conspiracy count and a third count alleging aiding and abetting the possession of cocaine with the intent to distribute were dismissed at sentencing.  As part of the written plea agreement, Armando Flores waived the right to appeal his sentence (except on grounds not present here) and to file a collateral challenge to his conviction or sentence, including a § 2255 motion.  (Docket Entry No. 67, at 9 ¶ 20).  At the rearraignment, the court thoroughly reviewed the plea agreement with Armando Flores, including his waivers.  (Docket Entry No. 134).  The court's review emphasized that by pleading guilty, Armando Flores waived his right to appeal both directly and collaterally. (Doc. 134 at 15, 25–29).  Armando Flores stated, under oath, that he understood.  Based on Armando Flores's answers to the questions, the court determined that Armando Flores was competent; that the plea was knowingly and voluntarily made; and that Armando Flores understood the rights that he was giving up by pleading guilty.  After a presentence investigation and report, on August 11, 2005, Armando Flores was sentenced to 210 months

in prison, the bottom end of the guideline range, followed by five years of supervised release. (Docket Entry No. 103; 109).

Despite his waiver, Armando Flores appealed. (Docket Entry No. 106). The appellate court dismissed the appeal as frivolous.  (Docket Entry No. 196).  Flores timely filed this § 2255 motion.

Armando Flores argues that his counsel was deficient in failing to advise him of the sentence he could receive and in failing to object to the two-level enhancement for a firearm that the government had agreed not to use.  The government responds that the waiver is enforceable and that Armando Flores has failed to state any ground for relief.

## II.    The Applicable Legal Standards

Armando Flores is proceeding *pro se*.  Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are liberally construed.  *See Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996)).

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

3

imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence.  Relief under this section is warranted for any error that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted).  A section 2255 motion does not require an evidentiary hearing if the motion and the record conclusively show that the prisoner is not entitled to relief.  *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

**III.    Analysis**

A defendant may waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary.  *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).  In *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994), the Fifth Circuit addressed a waiver of a right to file a collateral challenge.  The court stated:

> We are aware of no caselaw from this circuit squarely holding that § 2255 relief may be waived in a plea agreement.  But, we see no principled means of distinguishing such a waiver from the waiver of a right to appeal.  As a general matter, therefore—and at least under the facts and circumstances of this case—an informed and voluntary waiver of post-conviction relief is effective to bar such relief.  Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel, *see United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993), *cert. denied,* 508 U.S. 979, 113 S. Ct. 2980, 125 L. Ed. 2d 677 (1993), but here the appropriateness of the waiver is beyond question.

*Wilkes*, 20 F.3d at 653.

A defendant may waive his right to file a section 2255 motion if the waiver is voluntary and informed, although such a waiver might not apply to an ineffective-assistance-of-counsel claim. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). A waiver tainted by the ineffective assistance of counsel is not enforceable. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective-assistance-of-counsel argument survives an appeal waiver when the assistance directly affects the validity of that waiver or of the plea itself. The Fifth Circuit explained:

> . . . impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself—or the plea agreement of which it was a part—was unknowing or involuntary . . . . Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938).

*White,* 307 F.3d at 343.

Other circuits also conclude that waivers of appeal remain valid unless ineffective assistance of counsel directly affects the knowing and voluntary nature of the waiver or the plea. The Fifth Circuit summarized the law of those circuits, as follows:

> In *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1998),

the court allowed a defendant to overcome a waiver and argue ineffective assistance of counsel in a section 2255 motion because the defendant alleged he received ineffective assistance in the negotiation of the agreement itself. *Id.* at 1145. The court compared that situation to cases where a waiver was procured through coercion or intimidation, in which it is "intuitive" that the waiver should not be enforced. *Id.* The *Jones* court was careful to limit its holding, however. "Mindful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Id.* The Seventh Circuit put teeth into that aside in *Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000), in which the court held that the defendant's ineffective assistance claim merely challenged his attorney's performance at sentencing. The *Mason* court applied the *Jones dictum* and enforced the waiver.

*White*, 307 F.3d at 342. To determine whether a waiver is enforceable, a court first asks whether the plea or waiver itself was knowing and voluntary, then asks whether the issue challenged on appeal may properly be the subject of waiver. If the answer to both questions is "yes," the waiver can be enforced. *White*, 307 F.3d at 343–44 (petitioner claimed ineffective assistance of counsel but did not claim that the waiver in his plea agreement was unknowing or involuntary; the Fifth Circuit affirmed the district court's denial of the section 2255 motion).

The record shows that Armando Flores's plea and waiver were both knowing and voluntary. In his written plea agreement, Armando Flores waived his right to appeal his conviction or the manner in which his sentence was determined unless there was an upward departure and waived his right to file a collateral challenge to his conviction or sentence. Flores's written plea agreement included the following provision:

6

> The defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford the defendant the right to contest or "collaterally attack" his conviction or sentence after his conviction has become final. Knowing that, the defendant knowingly waives his right to contest or "collaterally attack" his plea, conviction and sentence by means of any post-conviction proceeding.

(Docket Entry No. 67 at 9, ¶ 20).

At the rearraignment hearing, the court questioned Armando Flores about his competence and his understanding of the rights he was giving up by pleading guilty, the charges against him, the possible sentence, and the terms of the plea agreement. Armando Flores stated that the plea agreement had been read to him in Spanish and that he understood it; he had not been treated for any kind of mental problem; he was not addicted to any drugs or alcohol; he was not sick; he was not taking any medicines; he was not under the influence of drugs or alcoholic beverages; he had had enough time to talk to his attorney; and he was satisfied with the advice of his counsel. Armando Flores's counsel stated that his client understood the charges he faced and the punishment he faced; that counsel had had enough time to investigate the case; Armando Flores had cooperated with counsel; and he had no question as to Armando Flores's competence. The court found that Armando Flores was fully competent to enter a knowing, voluntary, and informed plea of guilty.

The court questioned Armando Flores at length as to his understanding of the rights he was giving up by pleading guilty. The court summarized the plea agreement's terms, including the waiver of appeal rights as outlined in the plea agreement. Specifically, the court explained the defendant's waiver of any right to file a postconviction claim as follows:

THE COURT- Each of you has put before me a plea agreement in which you give up your rights to appeal any sentence or later challenge it except on some very narrow grounds. What I'm talking about is a little bit different.  What I'm saying now is just by pleading guilty you give up the right to make a number later to try to challenge your conviction or sentence, arguments that you could have made if you had gone to trial and been convicted.
Do you understand that?

FLORES- Yes, your Honor.

(Docket Entry No. 134 at 15).

THE COURT-  Do you understand that, at the time of sentencing, the sentence you get could be a lot higher than you expect it to be. Do you understand that?

FLORES- Yes, ma'am.

THE COURT- Do you understand that, if that happens, you can't get out of your plea agreement; you can't change your mind; and under these plea agreements, you can't withdraw your plea, you can't appeal your sentence except for two narrow circumstances that I'm going to talk about in a minute, and you can't file a later challenge?

As long as I sentence you within the sentencing guidelines and I figure out how to apply those guidelines, you can't get out of your plea, you can't appeal, and you can't file a later challenge. You're stuck.  Do you understand that?

Flores-  Yes, ma'am.

(Docket Entry No. 134 at 25–26).  Armando Flores stated that he understood he was giving

up his right to appeal or file later collateral challenges.  Armando Flores also stated that he

understood that even if the sentence was heavier than he expected, he could not withdraw his

plea, or appeal except under very narrow circumstances, or file a later challenge.  The court

explained that it was not bound by the government's positions on sentencing.  Armando

8

Flores stated that he understood that he could not collaterally challenge his sentence even if the court imposed a heavier sentence than he anticipated or even if the court imposed a heavier sentence than the government sought.

Armando Flores stated that the facts alleged in the indictment and described in the factual basis were true. Armando Flores pleaded guilty to count one of the superseding indictment. Armando Flores stated, under oath, that every allegation in count one was true and that everything the prosecutor said about Armando Flores's involvement was true. Armando Flores stated that he was making his guilty plea freely and voluntarily; no one had forced or threatened him to enter his guilty plea; he was not pleading guilty to protect another person from prosecution; he was not pleading guilty because of any promise, other than what was in the guilty plea agreement; and he was pleading guilty because he was guilty and for no other reason. Counsel for Armando Flores stated that he knew no reason why his client should not plead guilty; knew of no meritorious defenses to count one; and knew of no additional admonishments that should be given. Armando Flores stated that he signed the plea agreement of his own free will.

The court found that Armando Flores was mentally competent to enter an informed plea; the plea was supported by independent facts that established the elements of the offense; the plea was voluntarily and knowingly made; and Armando Flores understood the nature of the proceedings and the consequences of the guilty plea. The court found that Armando Flores's guilty plea was knowing, voluntary, and informed.

In his section 2255 motion, Armando Flores alleges that counsel provided ineffective

9

assistance at sentencing by failing to object to the two-level gun enhancement on the ground that the government had agreed not to seek this enhancement.   The plain terms of the plea agreement and the rearraignment colloquy clearly refute Armando Flores's allegation that he was promised a lower sentence.  The plea agreement clearly and unambiguously states that there are no promises as to the sentence.  Armando Flores's colloquy with the court expressly contradicts the existence of any promises or agreements not contained in the plea agreement.   The record precludes Armando Flores's claim that there was ineffective assistance that affected the knowing and voluntary nature of the plea or the waiver. *See, e.g., United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Because the plea and waiver were voluntary, informed, and knowing, the waiver is valid and enforceable.  Armando Flores's plea agreement waiving his right to collaterally attack his sentence with a section 2255 motion is, on this record, enforceable.  Because Armando Flores's ineffectiveness claims are not related to the execution of the plea agreement or the knowing and voluntary nature of either the guilty plea or his waiver of the right to file a section 2255 proceeding, the waiver is valid and enforceable.

In addition, Armando Flores's challenges to the guideline calculation is without merit. Armando Flores was sentenced within the guideline range that resulted from the court's acceptance of the plea agreement provisions.  Even considering Armando Flores's claim on the merits, he is clearly not entitled to relief.

A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief.  *United States v.*

*Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).  An evidentiary hearing is unnecessary because the record conclusively shows that Armando Flores is entitled to no relief.

## IV.  Conclusion

Armando Flores's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Docket Entry No. 199), is denied.  The corresponding civil action is dismissed with prejudice.

Under the AEDPA, a petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability requires "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  A certificate of appealability is "a jurisdictional prerequisite" for an appeal on the merits by a habeas petitioner. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Id.* at 342.

Because Armando Flores has not made the necessary showing, this court will not issue a certificate of appealability.

Final judgment will issue by separate order.

SIGNED on July 7, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11